IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. INGALLS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-5495 (JBS) <br><br> [Crim. No. 13-359 (JBS)] <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

　　Petitioner Michael A. Ingalls, Jr. pleaded guilty on May 23, 2013 to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of theft of mail, in violation of 18 U.S.C. § 1708. On January 28, 2014, this Court sentenced Ingalls to concurrent terms of imprisonment of 100 months for bank fraud and 60 months on theft of mail, followed by five years of supervised release. Ingalls now seeks to vacate, set aside and correct his sentence pursuant to 28 U.S.C. § 2255, asserting that incorrect factual information in the Presentence Report ("PSR") resulted in a miscalculation of his Criminal History Category. For the reasons explained below, the Court finds that Petitioner's Criminal History Category was correctly calculated and will deny the petition.

　　1.　On May 23, 2013, Petitioner Michael A. Ingalls, Jr. pleaded guilty to an Information charging him with one count of

conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of theft of mail, in violation of 18 U.S.C. § 1708. On January 28, 2014, this Court sentenced Ingalls to 100 months imprisonment, followed by three years of supervised release, and ordered him to pay restitution. Relying on the Presentence Investigation Report ("PSR"), the Court calculated that Petitioner's total offense level was 25 and his Criminal History Category was V, resulting in an advisory guideline range under the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") of 100-125 months.

    2.   In calculating Petitioner's Criminal History Category, the Court awarded three points for a 1995 conviction[1] for possession of a weapon for an unlawful purpose pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e). According to the PSR, Petitioner was sentenced by the New Jersey Superior Court on November 3, 1995 to four years' imprisonment, and was released on January 21, 1998. The Court found that this conviction fell within fifteen years of the start of the conspiracy for which he was being sentenced, which began in September 2010. (See Information, United States v. Michael Ingalls, Crim. No. 13-359 (JBS) [Docket Item 14] ¶ 3.)

---

[1] Petitioner challenges only the counting of his 1995 conviction, and not of the other convictions that led to his Category V Criminal History Category. Therefore, this Court only addresses that 1995 conviction.

3. Petitioner appealed his sentence to the Third Circuit, arguing that this Court incorrectly computed his Criminal History Category because the 1995 conviction was too old to factor into the calculation.[2] United States v. Ingalls, 604 Fed. Appx. 156, 160 (3d Cir. 2015). The Third Circuit upheld Petitioner's sentence, finding in relevant part that the 1995 conviction fell within § 4A1.2(e)'s applicable time period because "[i]t is undisputed that Ingalls was incarcerated during some part of the fifteen-year period prior to the beginning of the criminal conduct at issue here, and thus the conviction was properly counted toward his criminal history." Id.

4. Petitioner now argues that the PSR includes factually incorrect evidence as to the date of his New Jersey Superior Court sentencing that would render his 1995 conviction outside § 4A1.2(e)'s applicable fifteen-year time period. (Pet. ¶ 8.) He submits documentation that shows that he was sentenced by the New Jersey Superior Court on May 19, 1995, not on November 3, 1995, as memorialized in the PSR. (Id.; see also Pet. Ex. E & F). This error was only discovered after Petitioner was incarcerated and thus was never presented to this Court or to

---

[2] On appeal, Petitioner argued that his 1995 conviction fell outside the Guideline's applicable time period because he disputed when his current criminal conduct commenced and whether the fifteen-year period began running as of his prior conviction date or his prior sentencing date. Id.

3

the Third Circuit. (Pet. ¶ 4.) Petitioner contends that, because the Guidelines' fifteen-year period began running in May of 1995 and not November, it had expired before his current criminal conduct began in September 2010 and the 1995 conviction should not have counted towards his Criminal History Category.

    5.   U.S.S.G. § 4A1.2(e) advises that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense" should count be considered part of a defendant's criminal history. If the Guidelines ended there, Petitioner would be correct that the dating error in the PSR would change the computation of his Criminal History Category. In that case, Petitioner's 1995 conviction would not count towards that calculation and, with three fewer points, he would have been considered Criminal History Category IV instead of Category V, resulting in an advisory guideline range of 85-105 months. But § 4A1.2(e) does not end there. The Guidelines further advise that a sentencing court should "[a]lso count any prior sentence of imprisonment exceeding one year and one month, <u>whenever imposed</u>, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1) (emphasis added). In this case, as the Third Circuit noted, the parties do not dispute that Petitioner was incarcerated for his 1995 conviction until January 21, 1998.

4

As such, Petitioner's 1995 conviction falls squarely within the Guidelines' applicable time period because he was still incarcerated from his May 1995 conviction within fifteen years of September 2010. Regardless of the PSR's dating error, the 1995 conviction correctly counted towards the computation of Petitioner's Criminal History Category. The Court finds that Petitioner was properly sentenced with a Criminal History Category V under U.S.S.G. §§ 4A1.1 and 4A1.2(e).

6. Moreover, even if the PSR's dating error should result in a lower Criminal History Category for Petitioner, he cannot show any prejudice from the Court's existing sentencing calculation. The Guidelines advise a sentencing range of 85-105 months for a defendant with a total offense level of 25 and a Criminal History Category IV; Petitioner's imposed sentence of 100 months, at a Criminal History Category V, falls within this range. Petitioner cannot show that this Court would have sentenced him to anything lower where his actual sentence is well within Petitioner's sought-after range.

7. Petitioner's sentence is correct, notwithstanding any errors in the PSR, and he has failed to identify any other bases on which habeas relief could be granted. For these reasons, the Petition is denied. An accompanying Order will be entered.

8. The Court will deny a certificate of appealability, finding that this petition does not present a question that is

reasonably subject to debate under the Constitution or the laws of the United States.

**January 19, 2016**             **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                       Chief U.S. District Judge