IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. INGALLS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-5495 (JBS) <br><br> [Crim. No. 13-359 (JBS)] <br><br> **MEMORANDUM OPINION AND ORDER** |

**SIMANDLE, District Judge:**

Petitioner Michael A. Ingalls, Jr. pleaded guilty on May 23, 2013 to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of theft of mail, in violation of 18 U.S.C. § 1708. On January 28, 2014, this Court sentenced Ingalls to concurrent terms of imprisonment of 100 months for bank fraud and 60 months on theft of mail, followed by five years of supervised release. On July 9, 2015, Petitioner filed a motion to vacate, set aside and correct his sentence pursuant to 28 U.S.C. § 2255, asserting that incorrect factual information in the Presentence Report ("PSR") resulted in a miscalculation of his Criminal History Category. The Court denied the petition on January 19, 2016, and denied a certificate of appealability. [Docket Items 7 & 8.] Shortly thereafter, on March 18, 2016, Petitioner filed the instant Motion to Amend/Supplement Motion to Vacate [Docket Item 9],

seeking to vacate this Court's January 19, 2016 Opinion and Order and to add an ineffective assistance of counsel claim to his § 2255 petition. For the reasons explained below, the Court will order Mr. Ingalls and his former counsel to submit copies of their respective correspondence regarding the first § 2255 petition.

1. On May 23, 2013, Petitioner Michael A. Ingalls, Jr. pleaded guilty to an Information charging him with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of theft of mail, in violation of 18 U.S.C. § 1708. On January 28, 2014, this Court sentenced Ingalls to 100 months imprisonment, followed by three years of supervised release, and ordered him to pay restitution. Petitioner appealed his sentence to the Third Circuit, arguing that this Court incorrectly computed his Criminal History Category because the 1995 conviction was too old to factor into the calculation.[1] The Third Circuit affirmed and upheld Petitioner's sentence. United States v. Ingalls, 604 Fed. Appx. 156, 160 (3d Cir. 2015).

2. On July 9, 2015, Petitioner, through counsel, filed a petition to vacate his sentence under § 2255, arguing that the

---

[1] On appeal, Petitioner argued that his 1995 conviction fell outside the Guideline's applicable time period because he disputed when his current criminal conduct commenced and whether the fifteen-year period began running as of his prior conviction date or his prior sentencing date. Id.

2

PSR included factually incorrect evidence as to the date of his New Jersey Superior Court sentencing that would render his 1995 conviction outside § 4A1.2(e)'s applicable fifteen-year time period. This Court denied the petition, and a certificate of appealability, on January 19, 2016. [Docket Items 7 & 8.]

3. Shortly thereafter the Court received correspondence from Petitioner, pro se, seeking to vacate this Court's January 19, 2016 Opinion and Order and to add an ineffective assistance of counsel claim to his § 2255 petition. [Docket Item 9.] Petitioner contends that his counsel, Mr. Sufrin, filed the first § 2255 petition without his knowledge or consent, and that he submitted his own motion to amend the § 2255 Petition on December 14, 2015, adding an ineffective assistance of counsel claim in connection with his guilty plea, before the first petition was adjudicated on the merits, which motion was never docketed.

4. This Court determined that there might be grounds to vacate the January 19, 2016 Opinion and Order under Rule 60(b)(6), Fed. R. Civ. P., if the counseled petition was truly unauthorized by the client, Petitioner Ingalls. Accordingly, the Court Ordered counsel to respond to Petitioner's allegations. [Docket Item 12.] Mr. Sufrin, who prepared the first § 2255 motion in this action, and Mr. Wixted, who represented Petitioner at his sentencing before this Court in 2014 and on

3

appeal before the Third Circuit, responded by sworn certification. [Docket Item 13; amended at Docket Items 14, 15 & 16.] Although invited to do so, the United States never articulated a position to Petitioner's pro se motion to amend. Mr. Ingalls's reply to the certifications of counsel was received on May 2, 2017 and docketed that day. [Docket Item 17.]

5. A search of the Court's records reveals that neither the Clerk of Court nor the undersigned's chambers received any submission from Mr. Ingalls in December 2015, seeking to amend his § 2255 petition. Mr. Sufrin also indicates he has found no such pleading by Ingalls to the Court seeking to amend or supplement his § 2255 petition. [Docket Item 16 at ¶ 4.]

6. Mr. Sufrin has offered to submit to the Court each item of relevant correspondence mentioned in his certification and listed therein, and Mr. Ingalls raises no objection to such a submission. The Court will require Mr. Sufrin to submit copies of each of the items of correspondence between his firm and Mr. Ingalls that are mentioned and listed in his Final (Corrected) Certification. [Docket Item 17 at ¶ 13.] Normally, such attorney-client communications are privileged and cannot be revealed to an outside party. Here, however, by raising the issue of ineffective assistance of counsel and the allegedly unauthorized nature of the § 2255 petition which counsel filed and this Court has adjudicated, Mr. Ingalls has waived the

privilege regarding his communications with counsel as well as the protection of counsel's work product within the subject matter of which Mr. Ingalls now complains. See United States v. Pinson, 584 F.3d 972,977-78 (10th Cir. 2009); Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994); see also Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (waiver of privilege is limited to communications that bear on the strategic choices at issue); In re Grand Jury Subpoena, 745 F.3d 681, 693 (3d Cir. 2014) (attorney and client can assert or waive privilege over work product); In re Grand Jury Subpoena, 599 F.2d 1224, 1231 (3d Cir. 1979) (work product protection may be overcome by a showing of good cause by the Government). Although Mr. Ingalls's waivers of privilege and work product protection are clear, the Court will, in an abundance of caution, permit Mr. Sufrin to file these documents under seal; it is conceivable that the documents may contain portions that are not related to the issues at hand, and therefore not within the scope of the waiver, so that filing under seal will protect the possibly continuing vitality of the privilege as to such portions.

7. Furthermore, the Court will require Mr. Ingalls to submit and serve all evidence demonstrating that he composed and submitted his own motion to amend the § 2255 petition on or about December 14, 2015, as he claims.

8. The submissions from the Zucker, Steinberg & Wixted law firm and from Mr. Ingalls, respectively, are due in 14 days from the date this Memorandum Opinion & Order is entered upon the docket.

Consequently, for good cause shown;

It is, on this **9th** day of **August**, **2017**, hereby **ORDERED** that:

1. Petitioner Michael A. Ingalls, Jr. has waived his attorney-client privilege with respect to communications with his attorneys pertaining to each issue for which he now claims ineffective assistance of counsel and counsel's unauthorized filing of the § 2255 motion; and

2. Mr. Sufrin shall submit copies of each of the items of correspondence between his firm and Mr. Ingalls that are mentioned in his Final (Corrected) Certification [Docket Item 17 at ¶ 13] to the Court and to Mr. Ingalls; Mr. Sufrin shall file such documents under seal and shall supply copies of the same to Mr. Ingalls; and

3. Mr. Ingalls shall submit to the Court and to Mr. Sufrin all evidence demonstrating that he composed and submitted his motion to amend the § 2255 petition on or about December 14, 2015; and

4. Any submissions to the Court shall be due in fourteen (14) days from the entry of this Memorandum Opinion & Order.

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        U.S. District Judge